## Philadelphia Welfare Rights Organization v. Georges, Jr.

*Jonathan M. Stein,* for plaintiffs.

*Jacques H. Fox* and *Joseph P. Work,* for defendants.

PER CURIAM, December 1, 1969.—This matter is before us to determine whether this court has jurisdiction in an equity proceeding wherein plaintiffs are (1) seeking to enjoin defendants "from refusing admittance of the public to any and all public Board meetings" of the Philadelphia County Board of Assistance, and (2) directing defendants "to give adequate public notice of its meetings." Plaintiffs are welfare recipients in Philadelphia. Defendants are (1) Thomas W. Georges, Jr., Secretary of the Department of Public Welfare of the Commonwealth of Pennsylvania, (2) the members of the Philadelphia County Board of Assistance, and (3) its executive director, William P. Sailer. Plaintiffs' action has been instituted under the provisions of the Act of June 21, 1957, P. L. 392, as amended, commonly referred to as the "Right to Know" statute, 65 PS §251, et seq.

The action was brought in the Court of Common Pleas of Philadelphia County. Defendants filed preliminary objections in which it was claimed that the court did not have jurisdiction because defendant, Doctor Georges, was an indispensable party and had not been included as a party defendant. The chancellor sustained the preliminary objections without prejudice. Subsequently, Doctor Georges was included as a party defendant and the action brought in Dauphin Counnty.

We conclude that this court does have jurisdiction both as to the subject matter and the persons who are parties to the action under Pa. R. C. P. 1503 (c), which provides:

"An action against the head of an executive or administrative department, a departmental administra-

tive board or commission or an independent administrative board or commission, or an officer or instrumentality of the Commonwealth may be brought in and only in Dauphin County."

Pa. R. C. P. 1504(b)(1), which provides:

"(b) If an action is brought in Dauphin County as provided by Rule 1503(b) or one of the principal defendants has been served within the county in which the action is commenced or if the subject matter of the action is property within the jurisdiction of the court, the plaintiff shall have the right of service upon a defendant

"(1) in any other county by having a competent adult serve the defendant within the time and in the manner provided for the service of a writ of summons in an action of assumpsit or by having the sheriff of the county in which the action was commenced deputize the sheriff of the other county where service may be had;" grants plaintiffs the "right" of extra county service of process on defendants found in another county where "one of the principal defendants has been served within the county in which the action is commenced."*

And now, December 1, 1969, we sustain the jurisdiction of this court in this equity action and direct the matter proceed on its merits.

---

*The Sheriff of Dauphin County has made a return which is as follows: "No. 2959 Equity 1969 No. 444 C.D. 1969.

"And now; September 18th, 1969, at 10:55 A.M. Served the within Complaint in Equity and Rule upon Thomas W. Georges, Jr., Secretary of Department of Public Welfare, Commonwealth of Pennsylvania, by personally handing to Jacques Fox, Attorney and Party in charge of his Office at the time of service hereof a true attested copy of the within Complaint and Rule and making known to him the contents thereof at their Office in the Health & Welfare Building, Harrisburg, Dauphin County, Penna."